669 So.2d 1150 (1996)
Debra PERGREM, Appellant,
v.
William HORAN, M.D., Appellee.
No. 95-1169.
District Court of Appeal of Florida, Fifth District.
March 22, 1996.
Richard R. Whitson and Mitchel Novas of Whitson and Novas, Holly Hill, for Appellant.
Robert M. Loehr of Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, Pensacola, Amicus Curiae for Academy of Florida Trial Lawyers, in support of Appellant.
John B. Fricke, Jr., and Brian E. Currie, Jacksonville, for Appellee.
*1151 W. SHARP, Judge.
Pergrem appeals from a final summary judgment entered against her in a medical malpractice case. The trial judge ruled that Pergrem's complaint was not timely filed within the two year statute of limitations,[1] and the statute's tolling or extension provisions.[2] We disagree and reverse.
The facts in this case are not in dispute. Dr. Horan treated Pergrem at HCA Putnam Community Hospital in Palatka in 1992. She complained of lower right abdominal pain, nausea and vomiting. Horan prescribed antibiotics for her, but she continued to have pain through the date of her discharge from the hospital on October 2, 1992.
Pergrem proceeded directly to Shands (the hospital at the University of Florida Medical School in Gainesville, Florida), where doctors performed surgery on her on October 7, 1992. The surgery involved removing a portion of her intestinal tract and inserting an ileostomy into the exterior portion of her abdominal wall. It was at this point that Pergrem learned of her injury and Horan's possible negligence. The parties agree that the statute of limitations began to run on October 7, 1992.
Pergrem's theory was that Horan was negligent for having failed to perform diagnostic tests and studies to confirm her diagnosis of diverticulitis, and that he failed to order appropriate consultations. She notified Horan of her intent to sue pursuant to the requirements of section 766.106(2). That statute provides:
After completion of presuit investigation... for medical malpractice, a claimant shall notify each prospective defendant....
The notice was dated December 9, 1993, and was received on December 13, 1993.
Horan rejected Pergrem's claim by a letter dated March 9, 1994, received by Pergrem on March 10, 1994. Section 766.106(3)(a) provides that no suit can be filed for a period of ninety days after the notice of intent is mailed, while the investigation required by the statute is proceeding. At or before the end of the ninety day period, the claimed-against party, or its insurer, must reject the claim, make a settlement offer, or admit liability and offer to arbitrate damages.[3] The rejection letter in this case was timely.
Section 766.106(4) further provides that during the ninety day settlement investigation period, the statute of limitations is tolled as to all potential defendants. Upon receiving notice of rejection, the claimant "shall have sixty days or the remainder of the period of the statute of limitations, whichever is greater, within which to file suit."
The Florida Supreme Court in Tanner v. Hartog, 618 So.2d 177 (Fla.1993), stated that this means that from the date of notice of intent, a prospective plaintiff has ninety days plus either sixty days or the time remaining in the statute of limitations, whichever is greater. If notice is filed shortly before the statute has run, the plaintiff has ninety days to negotiate, and sixty days if the claim cannot be settled, within which to file suit. But if the notice of intent is mailed well in advance of the end of the statute of limitations period, so that the ninety days and sixty days fall within it, the claimant must file suit before the statute of limitations runs.
In this case, Pergrem would have faced the close of the two year statute of limitations on October 7, 1994. She had no extension under section 766.106(4) since the ninety day period plus the sixty day period ended in May of 1994, well before the expiration of the statute of limitations. The Florida Supreme Court said in Tanner that time periods are not simply added on to the end of the limitations period:
[S]o as to implement the intent of the statute and avoid an unreasonable windfall to the plaintiff who files a notice of intent soon after the malpractice is discovered.
Tanner, 618 So.2d at 184.
Pergrem actually filed suit against Horan in this case on November 2, 1994, past the running of the statute of limitations but for *1152 the operation of section 766.104(2). Pergrem filed a petition for an automatic extension of the statute of limitations, pursuant to that section, on May 20, 1994. Section 766.104(2) provides:
Upon petition to the clerk of court where the suit will be filed, and payment to the clerk of a filing fee, not to exceed $25.00,... an automatic 90-day extension of the statute of limitations shall be granted to allow the reasonable investigation required by subsection (1). This period shall be in addition to other tolling periods. No court order is required for the extension to be effective. The provisions of this subsection shall not be deemed to revive a cause of action on which the statute of limitations has run.
It appears to us from a plain reading of this statute that the running of the statute of limitations is extended for an additional ninety days, if a petition is filed as required by the statute, and if the statute of limitations has not already run at that point. Since Pergrem's petition to extend was filed before the statute would otherwise have run, she gained an additional ninety days to file suit: October 7, 1994 plus 90 days = January 1995. Since her complaint was filed November 2, 1994, her lawsuit against Horan was timely.
REVERSED.
HARRIS and ANTOON, JJ., concur.
NOTES
[1] § 95.11, Fla.Stat. (1991).
[2] §§ 766.104(2) and 766.106(4), Fla.Stat. (1991).
[3] § 766.106(3)(b), Fla.Stat. (1991).