COBB, Judge.
Patricia and Donald Hankey appeal from an order dismissing their medical malpractice claim on statute of limitations grounds.
The Hankeys claim that between November 28, 1994 and December 6, 1994, Patricia was the victim of medical malpractice which involved Susan Yarian, M.D., George Sadow-ski, M.D. Wen Lin, M.D., Nicholas Tuso, *988 M.D. of Women’s Health Care of St. Augustine and Flagler Hospital, Inc. (defendants).
On March 19, 1996, the Hankeys served a notice of intent to initiate litigation against the defendants. Pursuant to section 766.106, Florida Statutes, the defendants had 90 days to respond. In early June 1996, the parties stipulated to extend the time in which the defendants could respond by an additional 30 days, to July 19, 1996. By July 18, 1996, all the potential defendants had responded to the notice of intent and denied liability. On November 20,1996, the Hankeys filed a petition with the clerk of the circuit court for an automatic 90 day extension to the two year statutory limitation period, pursuant to section 766.104(2), Florida Statutes. On June 19, 1997, the Hankeys filed suit against the defendants.
The defendants moved to dismiss asserting that the action was filed beyond the limitations period. The trial court granted the motion and in doing so explained as follows:
The positions of the parties are relatively undisputed. Both sides agree the action at its latest commenced December 6, 1994. However, there were statutory extensions claimed by the Plaintiffs. Plaintiffs contend that in making the computation from a normal expiration of December 6, 1996 (2 years) Florida Statute 766.106(4), you add up all allowable extensions to its maximum allowance whether claimed or not to arrive at an extended limitation period. Since Plaintiff used both extensions it is contended this would add 210 days to the two year period. This includes a stipulated 30 day extension. Suit was filed June 19, 1997. Under this theory the action is timely.
Defense urges this is not the way it is computed but each extension stands alone and only runs from date the notice of intent is filed and is not added to the end of the limitations period.
A Florida Supreme Court case, TANNER v. HARTOG, 618 So.2d 177 (Fl.1993) addresses the issue “head on.” The case is still law in this State.
In this case Plaintiffs filed the notice of intent on March 19, 1996 which tolled the Statute of Limitations period for ninety (90) days or until June 19, 1996. Plaintiffs then had ninety (90) days from the date the notice of intent was filed plus the additional thirty (30) days by agreement plus sixty (60) days OR the time remaining on the limitations period, whichever is greater. Therefore the Statute of Limitations would expire December 6,1996.
On November 20, 1996 Plaintiffs petitioned for an automatic ninety (90) days stay of the Statute of Limitations under Florida Statute 766.104(2). This resulted in the December 6,1996 Statute of Limitations being extended to March 6, 1997. TANNER, id.
Plaintiffs’ complaint was filed on June 19, 1997 some three months after expiration of the Statute of Limitations. Plaintiffs’ position that you add the 210 days being the maximum allowable times to the end of the ordinary limitations period is not supported by TANNER. The Defendants’ position is correct.
Section 766.106(4), Florida Statutes, provides:
The notice of intent to initiate litigation shall be served within the time limits set forth in s. 95.11. However, during the 90-day period, the statute of limitations is tolled as to all potential defendants. Upon stipulation by the parties, the 90-day period may be extended and the statute of limitations is tolled during any such extension. Upon receiving notice of termination of negotiations in an extended period, the claimant shall have 60 days or the remainder of the period of the statute of limitations, whichever is greater, within which to file suit.
The dispositive issue is whether, when the plaintiffs filed their notice of intent pursuant to section 766.106(4), the two year statute of limitations was suspended for ninety days (actually 120 days because of the thirty day stipulated extension)? If it was, this action was timely filed. If it was not, it is untimely. We conclude that under Tanner and our prior decision in Pergrem v. Horan, 669 So.2d 1150 (Fla. 5th DCA 1996), it was not and that the suit was untimely.
The Florida Supreme Court, in Tanner, held that subsection (4) means that from the *989 date the notice of intent is filed, a prospective plaintiff has ninety days (the amount of the tolling) plus either sixty days or the time remaining in the statute of limitations period, whichever is greater, to file suit. 618 So.2d at 183-184. In Pergrem this court explained Tanner’s effect as follows:
If notice is filed shortly before the statute has run, the plaintiff has ninety days to negotiate, and sixty days if the claim cannot be settled, within which to file suit. But if the notice of intent is mailed well in advance of the end of the statute of limitations period, so that the ninety days and sixty days fall within it, the claimant must file suit before the statute of limitations runs.
669 So.2d at 1151.
As Tanner makes clear, the time periods provided for in subsection (4) are not simply tacked on to the end of the limitations period. 618 So.2d at 184. Subsection (4) was not intended to provide a windfall extension of time to claimants who filed a notice of intent soon after the malpractice is discovered. Id. Rather, the statute appears designed to assure that presuit investigation is conducted so as to facilitate settlements and reduce the number of malpractice actions filed in courts.
In Pergrem the two year statute of limitations began to run on October 7, 1992. The plaintiff filed a notice of intent in December 1993, well within the statutory period. The defendant rejected the plaintiffs claim by letter dated March 9,1994. The plaintiff did not file suit until November 2, 1994. This court explained that absent application of section 766.104(2), Florida Statutes, the suit would be time-barred:
In this case, Pergrem would have faced the close of the two year statute of limitations on October 7, 1994. She had no extension under section 766.106(4) since the ninety day period plus the sixty day period ended in May of 1994, well before the expiration of the statute of limitations. The Florida Supreme Court said in Tanner that time periods are not simply added on to the end of the limitations period:
[S]o as to implement the intent of the statute and avoid an unreasonable windfall to the plaintiff who files a notice of intent soon after the malpractice is discovered.
Tanner, 618 So.2d at 184.
Pergrem actually filed suit against Hor-an in this case on November 2, 1994, past the running of the statute of limitations but for the operation of section 766.104(2).
669 So.2d at 1151-52.
The plaintiff (as the plaintiffs here) had, in accordance with section 766.104(2)[1], filed a petition for automatic extension of the statute of limitations in May 1994, which acted to extend the limitation period for an additional 90 days, thus making the suit timely according to the Pergrem court.
In this ease, the two year statute of limitations commenced on December 6, 1994, and was set to expire on December 6, 1996. The plaintiffs filed their notice of intent on March 19, 1996, but under Pergrem enjoyed no extension under section 766.106(4) since the ninety day period (plus thirty day stipulated extension) plus sixty day period ended on or about September 19, 1996, well before the December 6,1996, expiration of the statute of limitations. The 90 day automatic extension purchased by the plaintiffs under section 766.104(2) extended the limitations period to March 6, 1997, but the plaintiffs did not file suit until June 19, 1997, beyond the limitations period.
We recognize that in Rothschild v. NME Hospitals, Inc., 707 So.2d 952 (Fla. 4th DCA 1998) the Fourth District held that the 90 day notice of intent period is a tolling provision and that the statutory limitation period is suspended during this period. We find *990 this holding to be in conflict with Tanner. We certify direct conflict with Rothschild.
AFFIRMED.
GRIFFIN, C.J., and THOMPSON, J., concur.

. This subsection provides:
Upon petition to the clerk of the court where the suit will be filed and payment to the clerk of a filing fee, not to exceed $25, established by the chief judge, an automatic 90-day extension of the statute of limitations shall be granted to allow the reasonable investigation required by subsection (1). This period shall be in addition to other tolling periods. No court order is required for the extension to be effective. The provisions of this subsection shall not be deemed to revive a cause of action on which the statute of limitations has run.
This automatic extension is separate and additional to any other tolling period. Tanner at 182.