PATTERSON, Judge.
Section 768.57, Florida Statutes (1987),[1] governs the filing of medical malpractice actions and establishes a number of procedures designed to discourage litigation of such actions. The dismissal of a medical malpractice action against the appellees requires us to examine the interaction of some of the provisions of this chapter.
Daniel E. Rhoades received allegedly negligent medical treatment on and after January 4,1986, for injuries he sustained in a motorcycle accident. As he was required to do by section 768.57(2),[2] Rhoades served notices of intent to initiate litigation upon the appellees. Six of the seven were served on December 15, 1987; the seventh was served on January 4, 1988.
Section 768.57(4)[3] required Rhoades to serve the notices within the limitations period, which he did. When such notices are served this section tolls the running of the statute of limitations for 90 days, during which the plaintiff is prohibited from filing a complaint. The pertinent portions of section 768.57 state:
(2) Prior to filing a claim for medical malpractice, a claimant shall notify each prospective defendant by certified mail, return receipt requested, of intent to initiate litigation for medical malpractice.
(3)(a) No suit may be filed for a period of 90 days after notice is mailed to the prospective defendant....
(b) At or before the end of the 90 days, the insurer or self-insurer shall provide the claimant with a response:
1. Rejecting the claim;
2. Making a settlement offer; or
3. Making an offer of admission of liability....
(c) ... Failure of the prospective defendant or insurer or self-insurer to reply to the notice within 90 days after receipt shall be deemed a final rejection of the claim for the purposes of this section.
(4) The notice of intent to initiate litigation shall be served within the time limits set forth in s. 95.11. However, during the 90-day period, the statute of limitations is tolled as to all potential defendants. Upon stipulation by the parties, the 90-day period may be extended and the statute of limitations is tolled during any such extension. Upon receiving notice of termination of negotiations in an extended period, the claimant shall have 60 days or the remainder of the period of the statute of limitations, whichever is greater, within which to file suit.
*1190 No resolution of the claim was reached and on May 23, 1988, Rhoades filed his medical malpractice complaint.
The defendants responded with motions to dismiss, asserting that the complaint was untimely on its face. They contended that the additional 60-day period in subsection (4) applies only when the parties stipulate to an extension of the 90-day tolling period. According to their argument, unless there is a stipulated extension of time the complaint must be filed within the time remaining on the statute of limitations.
In opposition, the plaintiff contended that the 60-day period applies regardless of the existence of a stipulation. He argued that section 768.57(4) gave him the greater of 60 days or the balance of the limitations period within which to file suit.
The trial court adopted the position of the defendants and, in an order dated August 11, 1988, granted the motions to dismiss. The order states:
2. Plaintiff had the benefit of the remainder of the statute of limitations following the ninety (90) day tolling period in which to file suit and failed to do so.
3. The reference to the sixty (60) day period for the remainder of the statute of limitations in which to file suit following the ninety (90) day tolling of the statute of limitations applies only to an extended period as defined in section 768.57(4), Florida Statutes.
In final orders dated August 29 and October 28, 1988, the trial court dismissed the complaint with prejudice as to all defendants. This timely appeal of both orders followed.
The issue before this court is whether, under these circumstances, the 60-day period provided in the final sentence of this subsection was available to the plaintiff. To review the propriety of the dismissal requires us to define the intent of the legislature in providing the additional 60-day period. We therefore look first to the purpose of sections 768.40 through 66[4] in their entirety.
In Castro v. Davis, 527 So.2d 250 (Fla. 2d DCA 1988), we determined that the purpose of the 90-day extension of the limitations period is to insure that the parties have an opportunity to pursue statutorily prescribed procedures which may lead to an amicable resolution of the claim. Section 768.495, Florida Statutes (1987),[5] requires attorneys to make a reasonable investigation into medical negligence claims before filing suit and allows an additional 90-day extension of time to permit such an investigation upon petition to the clerk of the court. Our sister court, the Third District, has concluded that this extension is stacked onto the 768.57(4) 90-day period to extend the statute of limitations by 180 days. Angrand v. Fox, 552 So.2d 1113 (Fla. 3d DCA 1989) [14 F.L.W. 2135]. Under section 768.58, Florida Statutes (1987),[6] the trial court must require a settlement conference at least three weeks before trial. This conference must be attended by persons with authority to settle unless excused by the court for good cause.
These sections evidence a clear legislative intent to discourage costly and time-consuming medical malpractice litigation, to promote the culling of meritless claims, and to encourage settlement of meritorious claims. The public benefits by a potential reduction in the cost of medical care caused by escalating medical malpractice insurance premiums.
As to the appellee who was served notice of intent to initiate litigation on January 4, 1988, the appellant would have had one day to file his complaint after the expiration of the 90-day tolling period. This approach would discourage parties from continuing their attempts to settle a claim and would frustrate the legislative intent underlying these provisions. In turn, the *1191 potential benefit to the public would be diminished. Any uncertainty as to legislative intent should be resolved by an interpretation that best accords with the public interest. Sunshine State News Co. v. State, 121 So.2d 705, 708 (Fla. 3d DCA 1960).
We hold, therefore, that upon the expiration of the 90-day tolling of the statute of limitations provided in section 769.-57(4), Florida Statutes (1987), or a stipulated extension of that time, the claimant has 60 days or the remainder of the period of the statute of limitations, whichever is greater, within which to file suit.
Some of the appellees have argued that the appellant’s complaint was untimely even given the additional 60 days. The limited record provided to this court does not reflect whether these additional grounds were argued below or considered by the trial court in reaching its determination. We therefore decline to pass on this question.
Reversed and remanded with instructions to reinstate the plaintiffs complaint.
SCHEB, A.C.J., and SCHOONOVER, J., concur.

. Transferred to section 766.106, Florida Statutes (1988 Supp.).

. Transferred to section 766.106(2), Florida Statutes (1988 Supp.).

.Transferred to section 766.106(4), Florida Statutes (1988 Supp.).

.Chapter 768, Florida Statutes (1987), was divided into parts. Sections 768.40-66 comprised part II of this chapter, which was entitled "Medical Malpractice and Related Matters.” These sections have been transferred to Chapter 766, Florida Statutes in the 1988 Supplement.

. Transferred to section 766.104, Florida Statutes (1988 Supp.).

. Transferred to section 766.108, Florida Statutes (1988 Supp.).