SCHWARTZ, Chief Judge.
We hold that, under the 1985 version of the Medical Malpractice Reform Act, the filing of a petition for an automatic 90-day extension of the statute of limitations under section 768.495(3), Florida Statutes (1985) also effected a similar 90-day extension of the 90-day pre-suit screening and settlement period provided by section 768.-57(3)(a), Florida Statutes (1985) which had previously been commenced by a notice of intent to initiate litigation under section 768.57(2). See Rhoades v. Southwest Florida Regional Medical Center, 554 So.2d 1188 (Fla.2d DCA 1989); Angrand v. Fox, 552 So.2d 1113 (Fla.3d DCA 1989), review denied, 563 So.2d 632 (Fla.1990). Indeed, section 768.495(3) specifically provides that the purpose of the automatic 90-day extension is “to allow the reasonable investigation required by subsection (1)” prior to the *630 filing of any malpractice action. Since it is established on this record that the plaintiff “cooperate[d] ... in good faith” toward the settlement of the case during the “second” 90-day pre-suit period, § 768.57(3)(a)4, Fla. Stat. (1985), the action of the trial court in dismissing the case because he did not do so during the initial 90-day period after the filing of the notice was plainly erroneous.[1] See Rhoades, 554 So.2d at 1188; Angrand, 552 So.2d at 1115 n. 8.
Moreover, since the complaint itself was filed within the 180-day period during which the statute of limitations was tolled successively by the 90-day periods provided respectively by sections 768.57(4) and 768.495(3), Angrand, 552 So.2d at 1116, there is no merit to the appellees’ alternative claim that the statute of limitations had expired.
Accordingly, the judgment for the defendants is reversed and the cause remanded for determination of the merits.
Reversed.

. The trial court made this determination pursuant to a remand required in a prior appearance of this case. See De Young v. Bierfeld, 533 So.2d 933 (Fla. 3d DCA 1988).