589 So.2d 448 (1991)
Peggy P. KALBACH, as Personal Representative of the Estate of David R. Kalbach, Appellant,
v.
Dennis A. DAY, Ph.D, licensed clinical psychologist, and Dr. Rudolph J. Frei, a licensed medical doctor, Appellees.
No. 90-2337.
District Court of Appeal of Florida, Fourth District.
November 20, 1991.
Nancy Little Hoffman, Nancy Little Hoffman, P.A., and Earle Lee Butler, Earle Lee Butler, P.A., Fort Lauderdale, for appellant.
Rebecca Greer Tanner and Thomas J. Schulte, Lee, Schulte & Murphy, P.A., Coral Gables, for appellee-Rudolph J. Frei.
ANSTEAD, Judge.
This is an appeal of an order dismissing a claim for medical malpractice against appellee, Dr. Rudolph Frei, M.D. based upon appellant's failure to timely initiate a claim. We reverse.

PROCEEDINGS IN TRIAL COURT
On December 5, 1986, David Kalbach committed suicide. At the time, he was under the treatment of Dr. Dennis Day, *449 Ph.D., and Dr. Rudolph Frei, M.D. Peggy Kalbach, as personal representative of David's estate, brought suit against both doctors, though at different times, claiming professional malpractice in their treatment of David. The statutory limitations period for such actions is two years. Chapter 766, Florida Statutes (1989), dealing with medical malpractice, requires that a notice of intent to pursue litigation be served on prospective defendants prior to filing suit. Thereafter, for a period of 90 days, the limitations period is tolled and no suit may be brought unless the defendant gives earlier notice that he rejects the claim and no settlement is possible. As to Dr. Frei, the appellee in this case, Kalbach served notice of intent to pursue litigation on December 2, 1988. On the same day on which notice to Dr. Frei was filed, Kalbach filed for a 90-day extension of the statutory limitations period as provided for in section 766.104(2). Subsequently, an amended complaint naming Dr. Frei was filed on May 4, 1989.
On May 17, 1990, appellee moved to dismiss and for judgment on the pleadings on the grounds of premature filing. The court granted the motion on the grounds that the suit was filed during the 90-day tolling period of section 766.106(4) in which no suit may be filed, and dismissed the action without prejudice on July 17, 1990. The court apparently concluded that Kalbach first received a 90-day extension, and then the 90-day tolling period commenced. The order was amended on July 27, 1990, to provide for dismissal with prejudice.

APPEAL
In medical malpractice actions, the legislature has provided that upon service of a notice of intent to initiate litigation, an automatic 90-day tolling of the two year statutory limitations period occurs, during which no action may be filed. Section 766.106(4) further provides:
The notice of intent to initiate litigation shall be served within the time limits set forth in section 95.11. However, during the 90-day period, the statute of limitations is tolled as to all potential defendants.
In addition, section 766.104(2) provides for an additional 90-day extension of the limitations period if requested by the claimant:
Upon petition to the clerk of the court where the suit will be filed and payment to the clerk of a filing fee, not to exceed $25, established by the chief judge, an automatic 90-day extension of the statute of limitations shall be granted to allow the reasonable investigation required by subsection (1). This period shall be in addition to other tolling periods. No court order is required for the extension to be effective. The provisions of this subsection shall not be deemed to revive a cause of action on which the statute of limitations has run.
Appellant claims that she was entitled to two (2) consecutive tolling periods of 90 days each under the provisions of sections 766.104(2) and 766.106(4) for a total of 180 days in which to file suit against Dr. Frei. Since her amended complaint was filed on May 4, 1989, 153 days after serving notice of suit, she asserts that she acted within the limitations period and should be allowed to proceed. She also claims that the trial court erred in applying the 90-day tolling period after the 90-day extension period. We agree.
Frei does not deny that the trial court erred in concluding that the case should be dismissed with prejudice for being prematurely filed, even if the suit had been filed during the 90-day tolling period. In Hospital Corp. of America v. Lindberg, 571 So.2d 446 (Fla. 1990), which was decided after the order of dismissal, the supreme court upheld this court's ruling in Lindberg v. Hospital Corp., 545 So.2d 1384 (Fla. 4th DCA 1989), that a complaint filed prematurely should not be dismissed with prejudice so long as a notice of intent to litigate was served within the limitations period. Here, it is undisputed that the notice of intent was timely served and Kalbach was entitled to file an amended pleading alleging such service.
We next consider Frei's claim that the dismissal should stand because the two 90-day periods of tolling and extension run *450 simultaneously, rather than consecutively, and had expired when suit was filed against Dr. Frei. This issue was not raised in the trial court but we consider it here for reasons of judicial economy. Implicitly, this court has maintained that the two 90-day periods, of toll and extension, under sections 766.106(4) and 766.104(2), do not run simultaneously. In Campagnulo v. Williams, 563 So.2d 733 (Fla. 4th DCA 1990), quashed on other grounds, 588 So.2d 982 (Fla. 1991), this court noted that although appellant there had 90 days under the statute's tolling provision to allege compliance, had the parties extended the 90-day period, 180 days would have been available to the claimant to allege compliance. Other courts have expressly held that the two periods run consecutively. DeYoung v. Bierfield, 581 So.2d 629 (Fla. 3d DCA 1991); Angrand v. Fox, D.O., 552 So.2d 1113, n. 7 (Fla. 3d DCA 1989), rev. denied 563 So.2d 632 (Fla. 1990). More importantly, section 766.104(2) specifically states that the 90-day extension is "in addition to other tolling periods." In our view, the plain meaning of this provision contemplates that the extension begins after the "other" tolling period of 90 days mandated by section 766.106. Since the amended complaint naming Dr. Frei was filed within the 180 days outlined above, it was timely filed.
We reverse and remand for further proceedings consistent herewith.
DOWNEY and POLEN, JJ., concur.