Mr. James T. Moore, Executive Director Florida Department of Law Enforcement Post Office Box 1489 Tallahassee, Florida 32302
Dear Commissioner Moore:
You ask substantially the following question:
Does the term "any person convicted in this state" as provided in section 943.325(1), Florida Statutes, which authorizes the submission of blood specimens to the Florida Department of Law Enforcement for the DNA data base, include minor offenders who are adjudicated delinquent rather than convicted as those terms are used in section 39.053(4), Florida Statutes?
In sum:
The term "any person convicted in this state" for purposes of section 943.325(1), Florida Statutes, would appear to encompass minor offenders who are convicted of the offenses enumerated in section 943.325(1), Florida Statutes, in juvenile court.
Section 943.325(1), Florida Statutes, provides:
(a) Any person convicted in this state on or after January 1, 1990, of any offense or attempted offense defined in chapter 794, relating to sexual battery, or of any offense or attempted offense under chapter 800, relating to lewd and lascivious conduct, shall, upon conviction, be required to submit two specimens of blood to a Department of Law Enforcement designated testing facility as directed by the department. (b) Any person convicted in this state on or after July 1, 1993, of any offense or attempted offense described in s. 782.04, relating to murder, shall, upon conviction, be required to submit two specimens of blood to a testing facility as directed by the department.
The Florida Department of Law Enforcement (FDLE) is responsible for providing certain equipment and instructions for the collection of blood specimens which would be forwarded to a central testing facility to determine genetic markers and characteristics for the purpose of identification.[1] The completed analysis is entered into an automated data base maintained by FDLE, but is not included in the state central criminal justice information repository.[2]
The results of the DNA analysis and the comparison of analytic results may be released only to criminal justice agencies as defined in section 943.045(10), Florida Statutes, at the request of the agency; otherwise such information is exempt from disclosure pursuant to section 119.07(1), Florida Statutes and section 24(a), Article I, Florida Constitution.[3] The statute further requires FDLE to establish, implement, and maintain a statewide automated personal identification system capable of, but not limited to, classifying, matching, and storing analyses of DNA and other biological molecules available to all criminal justice agencies.[4]
According to your letter, FDLE is concerned about its authority to accept juvenile blood samples pursuant to section 943.325, Florida Statutes, as the statute does not refer to an adjudication or finding of delinquency in lieu of conviction.
Section 943.325, Florida Statutes, requires DNA testing upon conviction of certain offenses, not for the purpose of identifying the defendant as the person who committed the crime for which he was convicted, but for the purpose of identifying him for a potential future crime. In requiring DNA testing of certain convicted offenders and the maintenance of such data in a statewide personal identification system, the Legislature has sought to ensure the public's safety against the commission of future crime by such offenders by facilitating the identification of such individuals for potential future crimes.[5] Such purpose is not served by reading the statute in such a manner as to ex-clude juveniles convicted of the serious offenses set forth in section 943.325, Florida Statutes, from the data base.[6]
While the term "convict" has been defined to mean to find one guilty of a criminal charge,[7] it also means to show or prove to be guilty of something culpable.[8] Although the statutes frequently refer to juveniles who have been found guilty of an offense that would have been a felony or misdemeanor if committed by an adult as having been "adjudicated delinquent," the term "convicted" or "conviction" has been used by the courts and the Legislature to include juveniles in the juvenile justice system.
For example, in 1993 the Legislature enacted a provision authorizing "[a] law enforcement agency [to] release for publication the name and address of a child who has been convicted of any offense involving possession or use of a firearm."[9](e.s.) Chapter 921, Florida Statutes, in prescribing sentencing guide-lines, defines the term "conviction" to mean a determination of guilt that is the result of a plea or a trial, regardless of whether as an adult or a juvenile, prior to the time of the adjudication is withheld.[10] The term "prior record" for purposes of Chapter 921, Florida Statutes, is defined to mean
a conviction for a crime committed by the offender, as an adult or a juvenile, prior to the time of the primary offense. . . . Juvenile dispositions of offenses committed by the offender within 3 years before the primary offense are included in the offender's prior record when the offense would have been a crime had the offender been an adult rather than a juvenile. Juvenile dispositions of sexual offenses committed by the offender which were committed 3 years or more before the primary offense are included in the offender's prior record if the offender has not maintained a conviction-free record, either as an adult or a juvenile, for a period of 3 consecutive years from the most recent date of release from confinement, supervision, or sanction, whichever is later, to the date of the primary offense.[11]
(e.s.)
In light of the above, the term "any person convicted in this state" for purposes of section 943.325(1), Florida Statutes, would appear to encompass juveniles who have been found to have committed the offenses enumerated in the statute even though the juvenile is prosecuted in juvenile court.
Accordingly, I am of the opinion that the submission of blood specimens of persons convicted in this state for certain offenses to the Florida Department of Law Enforcement for the DNA data base, includes juvenile offenders who have been convicted in juvenile court of having committed the offenses set forth in section 943.325(1), Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 943.325(3), Fla. Stat. (1993).
[2] Section 943.325(4), Fla. Stat. (1993).
[3] Section 943.325(5), Fla. Stat. (1993), as amended by s. 3, Ch. 94-90, Laws of Florida. And see, s. 943.045(10), Fla. Stat. (1993), defining "Criminal justice agency" to mean a court, FDLE, or any other governmental agency or subunit thereof that performs the administration of criminal justice pursuant to a statute or rule of court and which allocates a substantial part of its annual budget to the administration of criminal justice.
[4] Section 943.325(6), Fla. Stat. (1993).
[5] See, Staff Analysis and Economic Impact Statement on CS/SB 1221 (companion bill to CS/HB 1267, passed by the Legislature as Ch. 89-335, Laws of Florida), dated May 11, 1989.
[6] See, Byrd v. Richardson-Greenshields Securities, Inc.,552 So.2d 1099 (Fla. 1989) (obligation of court is to honor legislative intent and policy behind enactment); Vargas v. Glades General Hospital, 566 So.2d 282 (Fla. 4th DCA 1990) (statute should be construed in light of the manifest purpose to be achieved by the legislation). And see, Rhoades v. Southwest Florida Regional Medical Center, 554 So.2d 1188 (Fla. 2d DCA 1989) (any uncertainty should be resolved by a statutory interpretation that best accords the public interest).
[7] See, Black's Law Dictionary Convict 403 (4th unabridged ed. 1968). Cf., 18 C.J.S. Convict (one who has been duly found guilty by a legal tribunal of a crime, whether felony or misdemeanor or has been proven guilty of a criminal offense in a court of competent jurisdiction).
[8] See, Black's, supra; and Webster's Third New International Dictionary Convict 499 (unabridged ed. 1981).
[9] Section 1, Ch. 93-417, Laws of Florida.
[10] Section 921.0011(2), Fla. Stat. (1993). And see, Fla.R.Crim.P. 3.702(2).
[11] Section 921.0011(5), Fla. Stat. (1993). And see, Fla.R.Crim.P. 3.702(8).