707 So.2d 952 (1998)
Harold ROTHSCHILD, as personal Representative of the estate of Karen Rothschild, deceased, Appellant,
v.
NME HOSPITALS, INC., d/b/a Sunrise Rehabilitation Hospital, Appellee.
No. 97-1681.
District Court of Appeal of Florida, Fourth District.
March 25, 1998.
Arnold R. Ginsberg of Ginsberg & Schwartz and Leeds & Colby, Miami, for appellant.
Carmen Y. Cartaya of McIntosh, Sawran & Craven, P.A., Fort Lauderdale, for appellee.
WARNER, Judge.
The trial court granted summary judgment in a medical malpractice claim on the ground that the appellant filed the action beyond the statute of limitations. We reverse, as the statute had not expired when the appellant filed this action.
The facts in this case are not in dispute. The alleged malpractice occurred on December 16, 1993. On July 7, 1995, the appellant filed a notice of intent to initiate litigation under section 766.106(2), Florida Statutes (1995). Under section 766.106(4), the statute of limitations is tolled for ninety days for the purpose of investigation, and a suit cannot be filed during this period. On October 30, 1995, the appellant filed a petition *953 for an automatic ninety-day extension of the statute of limitations, pursuant to section 766.104(2), Florida Statutes (1995). After investigating the claim, the appellee served a letter on the appellant on November 17, 1995, which denied the appellant's claim. On February 6, 1996, the appellant filed suit.
We disagree with both the appellant and the appellee as to the proper method for calculating the running of the statute of limitations. Both of their calculations appear to be at odds with the plain language of the statutes.
Pursuant to section 95.11(4)(b), Florida Statutes (1995), a plaintiff must file a medical malpractice action within two years from the time the incident giving rise to the action occurred or the date it was discovered. However, Chapter 766, Florida Statutes (1995), provides a complex set of procedural requirements that both the claimant and the defendant must satisfy before bringing a medical malpractice suit into court. Section 766.106(2) requires that a claimant serve a notice of intent to initiate litigation on all potential defendants prior to filing the action. Upon receipt of this notice, a defendant must conduct his or her own presuit investigation and respond to the notice within ninety days. See §§ 766.106(3)(a), 766.203(3), Fla. Stat. (1995). During this ninety-day period, the statute of limitations is tolled. See § 766.106(4). Since a tolling provision interrupts the running of the statutory limitations period, the statutory time is not counted against the claimant during that ninety-day period. In essence, the clock stops until the tolling period expires and then begins to run again. This period may be shortened if the defendant sends a notice of termination of negotiations. The statute provides:
Upon receiving notice of termination of negotiations in an extended period, the claimant shall have 60 days or the remainder of the period of the statute of limitations, whichever is greater, within which to file suit.
§ 766.106(4)(emphasis added). In this case, the parties miscalculated the remaining amount of days in the statutory period.
In addition, under section 766.104(2), a claimant can essentially "buy" a ninety-day extension of the statute of limitations by petition to the circuit court and payment of a fee of $25. This ninety-day period for additional investigation is tacked onto the end of the statute of limitations period as an extension. See Pergrem v. Horan, 669 So.2d 1150 (Fla. 5th DCA 1996).[1] It is not a tolling provision, and it does not run simultaneously with the tolling period of section 766.106(4). See Kalbach v. Day, 589 So.2d 448 (Fla. 4th DCA 1991), dismissed by Frei v. Kalbach, 598 So.2d 76 (Fla.1992).
We follow the calculation method which the supreme court applied in Tanner v. Hartog, 618 So.2d 177, 182-84 (Fla.1993). It is quite clear under Tanner that the statute of limitations in the present case had not expired by the time the appellant filed suit.
On December 16, 1993, when the alleged medical malpractice occurred, the statute of limitations started to run. On July 7, 1995, when the appellant filed the notice of intent to initiate litigation, 161 days remained until the expiration of the limitations period on December 16, 1995. However, on July 7th, the statute was tolled for 90 days until October 7, 1995. On October 7, 1995, the statute began to run again, and 161 days still remained until the expiration of the statute of limitations period.
On October 30, 1995, the appellant "purchased" a ninety-day extension under section 766.104(2). The statute had run 23 days from October 7, 1995, and the 138 days remaining, plus the ninety-day extension, meant that as of October 30th, 228 days remained in the statutory period. On November 17, 1995, when the appellee served the notice to terminate, the remaining time in the limitations period was 228 days less eighteen days from October 30th, or 210 days. Thus, when the appellant filed the complaint on February 6, 1996, some eighty days later, it was well within the statute of limitations period.
The appellee argues that the statutory provision for a sixty-day period in which to file *954 suit upon receipt of the notice of termination should control, but this entirely ignores the statutory language which states that the claimant shall have sixty days "or the remainder of the period of the statute of limitations, whichever is greater," in which to file suit. § 766.106(4). That is why Mason v. Bisogno, 633 So.2d 464 (Fla. 5th DCA 1994), is distinguishable. In Mason, the claimants filed their notice of intent to initiate malpractice litigation against the physician only seven days before the expiration of the statute of limitations. Prior to the conclusion of the ninety-day presuit phase, the parties entered into an agreement to extend the ninety-day presuit period, pursuant to section 766.106(4), and subsequently extended that deadline by an additional month. Before the second extended deadline, the physician rejected the malpractice claim and the claimants filed their suit sixty-three days after receiving the rejection. Relying on section 766.106(4), and Florida Rule of Civil Procedure 1.650, which was adopted to procedurally implement the statute's substance, the fifth district found that the claimants had sixty days, or the remainder of the period of the statute of limitations, whichever was greater, to file their lawsuit. See id. at 467. Insofar as the claimants had only seven days of the statute of limitations period remaining, the appellate court concluded that their filing of the suit more than sixty days from their receipt of the physician's rejection was untimely. See id.
In the instant case, the remaining period of the statute of limitations, as of the service of the notice of termination on November 17, 1995, exceeded the sixty-day period. Therefore, the appellant's filing of the malpractice suit on February 6, 1996, was timely. In fact, even without the extended period provided for in section 766.104(2), the suit was timely filed.
For these reasons, we reverse the order of the trial court and remand for further proceedings.
FARMER and KLEIN, JJ., concur.
NOTES
[1] We disagree with the calculation of the statutory period in Pergrem because the court failed to take into account the tolling period. However, that was not the issue in that case, and it did not affect the result.