752 So.2d 712 (2000)
Rebecca COFFARO, Appellant,
v.
HILLSBOROUGH COUNTY HOSPITAL AUTHORITY, d/b/a Family Care Medical Center, Appellee.
Rebecca Coffaro, Appellant,
v.
Mental Health Care, Inc., d/b/a Baylife Centers; Anthony Pidala, JR., M.D.; David Tusliak, M.D.; Emergency Medical Associates of Tampa Bay, P.A.; and St. Joseph's Hospital, Inc., Appellees.
Nos. 2D98-4849, 2D99-1143.
District Court of Appeal of Florida, Second District.
February 25, 2000.
*713 Donna L. Hwalek, Tampa, for Appellant.
Michael N. Brown of Allen, Dell, Frank & Trinkle, P.A., Tampa, for Appellee Hillsborough County Hospital Authority d/b/a Family Care Medical Center.
Elaine C. Seymour of Guemmer and Seymour, Tampa, for Appellee Mental Health Care, Inc. d/b/a Baylife Centers.
Philip D. Parrish of Stephens, Lynn, Klein & McNicholas, P.A., Miami, for Appellees Anthony Pidala, Jr., M.D., David Tulsiak, M.D., and Emergency Medical Associates of Tampa Bay, P.A.
Thomas M. Hoeler and Matthew J. Meyer of Shear, Newman, Hahn & Rosenkranz, P.A., Tampa, for Appellee St. Joseph's Hospital, Inc.
BLUE, Acting Chief Judge.
In these consolidated cases, Rebecca Coffaro appeals the summary judgments and dismissals of her medical malpractice claims against Mental Health Clinic, Hillsborough County Hospital Authority d/b/a Family Care Medical Center, Emergency Medical Associates of Tampa Bay, Anthony Pidala, Jr., M.D., David Tusliak, M.D., and St. Joseph's Hospital, Inc. Coffaro argues that the claims are not barred by the statute of limitations. We agree and reverse. We also certify a question to the Florida Supreme Court as one of great public importance.
Section 95.11(4)(b), Florida Statutes (1995), provides a two-year statute of limitations for negligence resulting from medical care, as opposed to the four-year limitations period for other negligence claims under section 95.11(3)(a). While shortening the limitations period for medical malpractice claims, the legislature enacted provisions that toll or extend the limitations period. This case involves the interplay of three such provisions in sections 766.104 and 766.106, Florida Statutes (1995).[1] We note that these provisions are complex and confusing. We are guided in this case by the supreme court's instruction *714 that the provisions of the medical malpractice statutes "should be construed in a manner that favors access to courts." Patry v. Capps, 633 So.2d 9, 13 (Fla.1994).
Section 766.104(2) allows a 90-day extension of the limitations period upon application to the clerk of court. (To avoid confusion, we will refer to this as the "purchased extension" because it is obtained simply by payment of a filing fee.) Section 766.106(3)(a) provides for a mandatory 90-day tolling of the limitations period after a notice of intent is mailed to a prospective defendant. And section 766.106(4) provides that upon notice that negotiations are terminated,[2] "a claimant shall have 60 days or the remainder of the period of the statute of limitations, whichever is greater, within which to file suit." The interrelationship of these tolling and extension periods has produced the type of mathematical puzzle that caused many of us to choose law rather than accounting.
The dispositive issue involves the application of a purchased extension. It is undisputed that the two-year statute of limitations began to run on September 2, 1995. Coffaro purchased an extension of the limitations period by filing a petition with the clerk. Pursuant to section 766.104(2), "[t]his period shall be in addition to other tolling periods." Both the Fourth and Fifth Districts have held that "[t]his ninety-day period ... is tacked onto the end of the statute of limitations period as an extension." Rothschild v. NME Hosps., Inc., 707 So.2d 952, 953 (Fla. 4th DCA 1998). See also Pergrem v. Horan, 669 So.2d 1150 (Fla. 5th DCA 1996).[3]
At the time Coffaro's notice of intent was received, there was less than one month remaining in the regular limitations period.[4] Because there were fewer than 60 days remaining in the original limitations period, Coffaro argues that when she received the notices of termination she had 60 days in which to file suit under section 766.106(4), which requires suit to be filed within "60 days or the remainder of the period of the statute of limitations, whichever is greater." As we understand the reverse argument, the healthcare providers argue that because Coffaro purchased the 90-day extension prior to sending the notices of intent, she had "extended" her limitations period by 90 days and necessarily had more than 60 days remaining when she received the notices of termination.
If the 60 days provided in section 766.106(4) is a tolling period, there is no question that Coffaro is entitled to the 60 days in addition to the purchased extension because section 766.104(2) provides that the purchased 90-day extension is in addition to other tolling periods. If not a tolling period, we conclude that section 766.104(2) would allow the purchased extension to be obtained during the 60-day period, again giving Coffaro the advantage of the 60 days and the purchased extension if she had waited until after she received the notices of termination to purchase the extension. Section 766.104(2) does not limit the time at which a plaintiff may *715 purchase this extension, other than providing that it "shall not be deemed to revive a cause of action on which the statute of limitations has run." Because a plaintiff can apply for this purchased extension at any time before the statute of limitations has expired, and because the extension is in addition to other tolling periods, we conclude that the purchased extension under section 766.104(2) is not included when computing the time remaining under section 766.106(4) for filing suit. To hold otherwise would treat plaintiffs differently depending on when they purchased the 90-day extension.
Claimants should be treated equally unless the statute clearly sets forth a basis for disparate treatment. The statutory procedures for filing medical malpractice claims should not create a trap for claimants but they have nonetheless been recognized as doing just that. See Patry v. Capps, 618 So.2d 261, 265 (Fla. 2d DCA 1993) (Altenbernd, J., dissenting), quashed, 633 So.2d 9. By harmonizing the various tolling and extension provisions as stated above, we have attempted to clarify the calculation of time in which suit must be filed.
Recognizing the importance of this issue for these parties and others, we certify the following question to the Florida Supreme Court:
IS A 90-DAY EXTENSION PURCHASED UNDER SECTION 766.104(2), FLORIDA STATUTES (1995), INCLUDED IN THE LIMITATIONS PERIOD WHEN CALCULATING WHETHER A PLAINTIFF IS ENTITLED TO AN ADDITIONAL 60 DAYS UNDER SECTION 766.106(4) FOR FILING SUIT?
Reversed and remanded for further proceedings; question certified.
FULMER and WHATLEY, JJ., Concur.
NOTES
[1] Section 766.104, Florida Statutes (1995), provides in part:

(2) Upon petition to the clerk of court where the suit will be filed and payment to the clerk of a filing fee, not to exceed $25, established by the chief judge, an automatic 90-day extension of the statute of limitations shall be granted to allow the reasonable investigation required by subsection (1). This period shall be in addition to other tolling periods. No court order is required for the extension to be effective. The provisions of this subsection shall not be deemed to revive a cause of action on which the statute of limitations has run.
Section 766.106 provides in part:
(3)(a) No suit may be filed for a period of 90 days after notice [of intent to initiate litigation for medical malpractice] is mailed to any prospective defendant....
(b) At or before the end of the 90 days, the insurer or self-insurer shall provide the claimant with a response:....
(c) The response shall be delivered to the claimant if not represented by counsel or to the claimant's attorney, by certified mail, return receipt requested. Failure of the prospective defendant or insurer or self-insurer to reply to the notice within 90 days after receipt shall be deemed a final rejection of the claim for purposes of this section.
* * * * *
(4) The notice of intent to initiate litigation shall be served within the time limits set forth in s. 95.11. However, during the 90-day period, the statute of limitations is tolled as to all potential defendants. Upon stipulation by the parties, the 90-day period may be extended and the statute of limitations is tolled during any such extension. Upon receiving notice of termination of negotiations in an extended period, the claimant shall have 60 days or the remainder of the period of the statute of limitations, whichever is greater, within which to file suit.
[2] This occurs either when the 90-day tolling period expires without a response from the potential defendants, which is deemed a final rejection under section 766.106(3)(c), or when the claimant receives a notice of termination.
[3] While the Fourth and Fifth Districts have discussed the interplay of these sections, they have not addressed the issue on appeal in this case.
[4] The notices of intent were received by the putative defendants on different days during a one-week period; likewise, Coffaro received rejection letters on different dates during the month of November 1997. Thus, the time periods vary for each putative defendant. For our purposes, however, these variances are not significant.