829 So.2d 862 (2002)
HILLSBOROUGH COUNTY HOSPITAL AUTHORITY, etc., et al., Petitioners,
v.
Rebecca COFFARO, Respondent.
No. SC00-665.
Supreme Court of Florida.
October 3, 2002.
Michael N. Brown of Allen Dell, Frank & Trinkle, P.A., Elaine Seymour of Guemmer & Seymour, P.A., Marlene S. Reiss of Stephens, Lynn, Klein & McNicholas, P.A.; and Thomas M. Hoeler of Burton, Schulte, Weekley, Hoeler, Robbins & Beytin, P.A., Tampa, FL, for Petitioners.
No Appearance, for Respondent.
QUINCE, J.
We have for review a decision on the following question certified by the Second District Court of Appeal as one of great public importance:
IS A 90-DAY EXTENSION PURCHASED UNDER SECTION 766.104(2), FLORIDA STATUTES (1995), INCLUDED IN THE LIMITATIONS PERIOD WHEN CALCULATING WHETHER A PLAINTIFF IS *863 ENTITLED TO AN ADDITIONAL 60 DAYS UNDER SECTION 766.106(4) FOR FILING SUIT?
See Coffaro v. Hillsborough County Hosp. Auth., 752 So.2d 712, 715 (Fla. 2d DCA 2000). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. For the reasons expressed below, we answer the certified question in the negative and approve the decision of the Second District.
Rebecca Coffaro (Coffaro) alleges that she suffered harm as a result of the medical negligence of several health care providers, Hillsborough County Hospital Authority d/b/a/ Family Care Medical Center (HCHA), Mental Health Care, Inc. d/b/a/ Baylife Centers (MHC), Anthony Pidala, Jr., M.D. (Pidala), David Tulsiak, M.D. (Tulsiak), Emergency Medical Associates of Tampa Bay, P.A. (EMA), and St. Joseph's Hospital (SJH). After participating in the presuit procedures mandated by chapter 766, Florida Statutes, Coffaro filed suit against these health care providers on April 3, 1998. The trial court found that Coffaro's claims were barred by the statute of limitations and granted summary judgment in favor of HCHA, MHC, and SJH, and dismissal with prejudice in favor of Pidala, Tulsiak, and EMA.
Coffaro appealed both orders to the Second District Court of Appeal, where the cases were consolidated. The Second District reversed the orders of the trial court, finding that Coffaro's claims were not barred by the statute of limitations because she was entitled to the benefit of both the sixty-day tolling period provided for in section 766.106(4), Florida Statutes (1995), and the ninety-day extension of the statute of limitations purchased pursuant to section 766.104(2), Florida Statutes (1995).[1] In addition, the district court certified the question stated above. We approve the decision of the district court and hold that the ninety-day extension of the statute of limitations purchased under section 766.104(2) is not added to what remains of the original statute of limitations but is added after the sixty-day extension period under section 766.106(4).
This case involves Florida's medical malpractice statutory scheme. We explained the general statutory time-line requirements of the scheme in Hankey v. Yarian, 755 So.2d 93 (Fla.2000):
Pursuant to section 95.11(4)(b), Florida Statutes (1997), an action for medical malpractice must be commenced within two years from the time the incident giving rise to the action occurred or within two years from the time the incident is discovered or should have been discovered with the exercise of due diligence. However, before a claimant can file a medical malpractice suit, chapter 766 prescribes a number of requirements and provisions which seek to enhance the prospect of a settlement, and which affect the running of the limitations period.
First, a claimant must conduct a reasonable investigation to determine if there are grounds for a good faith belief that there was negligence in his care or treatment. See § 766.104(1), Fla. Stat. (1997). After the completion of this presuit investigation, and during the two-year period provided for in section 95.11(4)(b), the claimant must serve a notice of intent to initiate litigation to each prospective defendant. See § 766.106(2), Fla. Stat. (1997). Importantly, as it relates to the limitations issue before us, no suit may be filed for a period of ninety days after this notice of intent is mailed to any prospective defendant [n. 1]. See § 766.106(3)(a), *864 Fla. Stat. (1997). In this regard, section 766.106(4) provides:
[D]uring the 90-day period, the statute of limitation is tolled as to all potential defendants. Upon stipulation by the parties, the 90-day period may be extended and the statute of limitations is tolled during any such extension. Upon receiving notice of termination of negotiations in an extended period, the claimant shall have 60 days or the remainder of the period of the statute of limitations, whichever is greater, within which to file suit [n. 2].
Finally, by filing a petition to the clerk of the circuit court, a claimant is entitled to an automatic ninety-day extension to the statute of limitations. See § 766.104(2), Fla. Stat. (1997). All of these provisions impact the running of the limitations period, and appear designed to facilitate negotiations between the parties.
[n. 1] In Boyd v. Becker, 627 So.2d 481, 483-84 (Fla.1993), we held that the statute of limitations is tolled from the time the defendant receives the notice of intent, not from the time the claimant mails it.
[n. 2] The wording of section 766.106(4) makes it appear that the "60 days or the remainder of the period of the statute of limitations" language only applies when the parties have stipulated to an extension of the ninety-day tolling provision. However, this argument was raised and rejected in Rhoades v. Southwest Florida Regional Medical Center, 554 So.2d 1188, 1190-91 (Fla. 2d DCA 1989), wherein the court held that the sixty days or the remainder of the statute of limitations applies to the ninety-day tolling provision, even when no extension has been agreed to. We approved this interpretation in Tanner.

Hankey, 755 So.2d at 95.[2]
The instant case involves the interplay between section 766.104(2) and section 766.106(4). As the Second District noted, these provisions of the medical malpractice statute must be liberally construed in favor of access to courts. See Coffaro, 752 So.2d at 714; see also Patry v. Capps, 633 So.2d 9 (Fla.1994).
Section 766.104(2) provides:
Upon petition to the clerk of the court where the suit will be filed and payment to the clerk of a filing fee, not to exceed $25, established by the chief judge, an automatic 90 day extension of the statute of limitations shall be granted to allow the reasonable investigation required by subsection (1). This period *865 shall be in addition to other tolling periods. No court order is required for the extension to be effective. The provisions of this subsection shall not be deemed to revive a cause of action on which the statute of limitations has run.
(Emphasis added.) On the other hand, section 766.106(4) provides:
The notice of intent to initiate litigation shall be served within the time limits set forth in s. 95.11. However, during the 90 day period, the statute of limitations is tolled as to all potential defendants. Upon stipulation by the parties, the 90 day period may be extended and the statute of limitations is tolled during any such extension. Upon receiving notice of termination of negotiations in an extended period, the claimant shall have 60 days or the remainder of the period of the statute of limitations, whichever is greater, within which to file suit.

(Emphasis added.)
The certified question can only be answered by determining when the ninety-day extension pursuant to 766.104(2) (purchased extension) goes into effect and under what circumstances a plaintiff is entitled to the sixty-day period provided for in section 766.106(4). The health care providers argue the purchased extension is to be applied to the remaining statute of limitations period at the time of purchase. Thus, the ninety-day period would be added to the month Coffaro had left on the original statute of limitations period, the limitations period left to the plaintiff would therefore exceed sixty days, and she would not be entitled to the sixty days under section 766.106(4). Coffaro, on the other hand, argues the purchased extension is not to be applied at the time of purchase, but is to be tacked on to the end of the statute of limitations period. Under this interpretation, she would only have thirty days left of the original limitations period and would be entitled to both the sixty-day period under section 766.106(4), and the ninety-day purchased extension under section 766.104(2). We agree with Coffaro.
Although not directly at issue in that case, we discussed section 766.104(2) and the ramifications of the purchased extension in Hankey and said:
Section 766.104(2) specifically provides that this ninety-day period "shall be in addition to other tolling provisions." Again, we agree with the Fourth District that the "extension" provided for under section 766.104(2) is a genuine extension of time to be added to the limitations period, rather than a tolling (suspension) as provided for under section 766.106(4). In fact, we approved this interpretation of section 766.104(2) in Tanner. See id. at 182. Hence, this time period is to be tacked on to the end of the limitations period and does not run simultaneously with the separate ninety-day tolling period provided in section 766.106(4). See id. ("This automatic extension is separate and additional to any other tolling period.") (citing Novitsky v. Hards, 589 So.2d 404 (Fla. 5th DCA 1991)); Rothschild, 707 So.2d at 953; Kalbach v. Day, 589 So.2d 448, 449-50 (Fla. 4th DCA 1991).
755 So.2d at 98 (emphasis added). This interpretation of section 766.104(2) is in keeping with the purpose of the medical malpractice statute and the principle that its provisions should be liberally construed to allow the parties access to courts. Thus, we hold the ninety-day extension purchased pursuant to 766.104(2) is to be tacked on to the end of the statute of limitations period and we answer the certified question in the negative.
With this interpretation of section 766.104(2), it follows that all other applicable provisions of the medical malpractice statute which toll or extend the statute of limitations period under the particular circumstances must be taken into consideration *866 before applying the ninety-day purchased extension. In this case, at the time that the negotiations were terminated the plaintiff had one month left on the original two-year statute of limitations period. Because only one month remained and because the ninety-day purchased period from section 766.104(2) is not added to the month, she was entitled to the benefit of the sixty-day period of section 766.106(4).[3] Thereafter, the ninety-day purchased period is added to determine when the plaintiff's medical malpractice complaint must be filed.
Applying Florida's medical malpractice statutory scheme and our holding to the facts of this case, Coffaro's statute of limitations computation is as follows: Coffaro's statute of limitations began to run on September 2, 1995, and was set to expire two years later on September 2, 1997. On July 31, 1997, Coffaro mailed her notice of intent to litigate to petitioners. Petitioners received the notice of intent to litigate as follows: MHCAugust 4; HCHA, Dr. Pidala, Dr. Tulsiak, and EMAAugust 5; and SJHAugust 8. For purposes of the statutory scheme, the date petitioners received the notice of intent is the date used in computing statutory time requirements. See Boyd v. Becker, 627 So.2d 481, 483-84 (Fla.1993) (holding statute of limitations is tolled from the time the defendant receives the notice of intent, not from the time the claimant mails it). Therefore, as of August 4(MHC), August 5 (HCHA, Dr. Pidala, Dr. Tulsiak, and EMA), and August 8(SJH), the statute of limitations was tolled for ninety days as to each respective defendant. See § 766.106(3)(a), Fla. Stat. (1997); see also Hankey, 755 So.2d at 100 (concluding that "the two-year limitations period is suspended temporarily and begins to run again under section 766.106(4) at the expiration of the stated time period or when the defendant responds to the notice of intent"). It is also important to note that as of the dates the notices of intent were received, fewer than sixty days remained in Coffaro's limitations period. This fact is significant for future calculations pursuant to section 766.106(4). Finally, on August 11, 1997, while the statute of limitations was tolled for ninety days, Coffaro purchased a ninety-day extension of the statute of limitations pursuant to section 766.104(2). As discussed, the purchased extension is to be added to the end of the limitations period.
Coffaro received termination of negotiation letters from the health care providers in November 1997. Specifically, the dates are as follows: SJHNovember 5; Pidala, Tulsiak, and EMANovember 7; MHC November 14; and HCHANovember 26. Section 766.106(4) directs that when a claimant receives a notice of termination of negotiations, the claimant "shall have 60 days or the remainder of the period of the statute of limitations, whichever is greater, within which to file suit." Because fewer than sixty days remained in Coffaro's original limitations period when the notices of intent were received, she had sixty days to file suit from the dates she received the termination of negotiation letters. Coffaro also had the benefit of the purchased extension, which gave her an additional ninety days to file suit. Thus, Coffaro had a total of 150 days (60 plus 90) from the dates she received the notices of termination to file suit.[4] Because Coffaro filed *867 suit on April 3, 1998, her claims were filed within the statute of limitations.
Accordingly, we conclude that Coffaro's claims are not barred by the statute of limitations. We therefore answer the certified question in the negative and hold that the ninety-day purchased extension of time should be added to the end of the statute of limitations after consideration of all applicable tollings and extensions. We approve the decision of the district court and remand this case for proceedings consistent with this opinion.
It is so ordered.
ANSTEAD, C.J., and SHAW and LEWIS, JJ., concur.
PARIENTE, J., concurs with an opinion, in which ANSTEAD, C.J., concurs.
WELLS, J., dissents with an opinion, in which HARDING, Senior Justice, concurs.
PARIENTE, J., concurring.
I write to explain why I concur in the majority opinion. This case involves the interplay of the various tolling and extension periods of the medical malpractice statute of limitations, in particular, sections 766.104 and 766.106. Although I agree with the dissent that these provisions are separate statutory provisions, I also cannot ignore the language of section 766.104(2), which states that the extension "shall be in addition to other tolling periods."
In attempting to decipher what the Legislature intended, I wholeheartedly agree with the Second District that the interplay of the provisions is "complex and confusing." Coffaro v. Hillsborough County, 752 So.2d at 712, 713 (Fla. 2d DCA 2000). Calculating when the statute of limitations actually runs, as demonstrated by both the majority and dissenting opinions in this case, highlights Judge Blue's observations that the "interrelationship of these tolling and extension periods has produced the type of mathematical puzzle that caused many of us to choose law rather than accounting." Id. at 714.
Whether the Legislature considered all of the possible permutations and combinations of the extensions and tolling provisions when it enacted these sections,[5] I would in the end point out that the plaintiff filed suit on April 3, 1998. Based on the majority's interpretation, the plaintiff had the following limitations for the various defendants: April 4, 1998, April 6, 1998, April 13, 1998, and April 25, 1998. Under the dissent's view, the plaintiff would have had until February 28, 1998, March 1, 1998, and March 18, 1998, for the various defendants. Obviously the plaintiff calculated the time left according to the interpretation *868 given by the majority and the Second District.
The interpretation given by the majority that the purchased extension of section 766.104(2) is added on the end of the periods of time calculated by sections 766.106(3)(a) and (4) is both reasonable and consistent with the statutory language and also entirely consistent with what we stated in Hankey v. Yarian, 755 So.2d 93 (Fla.2000). In Hankey we explained that the determination of whether the plaintiff is entitled to an additional sixty days under section 766.106(4) is determined "at the time the claimant filed the notice of intent to initiate litigation." Id. at 97. Further, in discussing section 766.104(2), we stated that the plaintiff can "also automatically secure an additional ninety-day extension under section 766.104(2) that will be added to the end of both periods described" in sections 766.106(3) and (4). See id. at 98.
The Second District interpreted the interplay consistently with this reasoning:
Because a plaintiff can apply for this purchased extension [of section 766.104(2)] at any time before the statute of limitations has expired, and because the extension is in addition to other tolling periods, we conclude that the purchased extension under section 766.104(2) is not included when computing the time remaining under section 766.106(4) for filing suit. To hold otherwise would treat plaintiffs differently depending on when they purchased the 90-day extension.
752 So.2d at 715. The interpretation given by the majority is consistent with our prior holding that the provisions of the medical malpractice statutes "should be construed in a manner that favors access to courts." Patry v. Capps, 633 So.2d 9, 13 (Fla.1994). Further, I agree that "the statutory procedures for filing medical malpractice claims should not create a trap for claimants but they have nonetheless been recognized as doing just that." Coffaro, 752 So.2d at 715. Hopefully, the majority's opinion will lay to rest any further confusion as to the interplay of these provisions and bring a modicum of certainty to these calculations on which everyone can safely rely.
ANSTEAD, C.J., concurs.
WELLS, J., dissenting.
I cannot agree with the majority because I do not believe that the majority properly applies sections 766.104(2) and 766.106(4), Florida Statutes (1995). Moreover, I believe the majority's decision leads to an inconsistent application of the statutes, depending on when the purchase of the extension to the statute of limitations authorized by section 766.104(2), Florida Statutes (1995), is made. I do not believe the Legislature intended for there to be an inconsistent application of these statutes.
I conclude that the correct analysis of these statutes was set forth in the Fourth District Court of Appeal's decision in Rothschild v. NME Hospitals, Inc., 707 So.2d 952 (Fla. 4th DCA 1998), authored by Judge Warner. The essence of what the district court recognized in Rothschild is that the extension of the statute of limitations authorized by section 766.104(2) and the tolling period of section 766.106(4) need to be understood to be separate statutory provisions:
In addition, under section 766.104(2), a claimant can essentially "buy" a ninety-day extension of the statute of limitations by petition to the circuit court and payment of a fee of $25. This ninety-day period for additional investigation is tacked onto the end of the statute of limitations period as an extension. It is not a tolling provision, and it does not run simultaneously with the tolling period of section 766.106(4). *869 Id. at 953 (citation and footnote omitted). This construction is in accord with this Court's analysis in Hankey v. Yarian, 755 So.2d 93, 97 (Fla.2000), in which we cited Rothschild with approval.
The normal statute of limitations for medical malpractice claims is two years. See § 95.11(4)(b), Fla. Stat. (1995). Accepting that the section 766.104(2) purchased extension of the two-year statute of limitations is added to the end of the normal limitations period, see Hankey, 755 So.2d at 98 (approving Rothschild), it must follow that, if the extension is purchased, the statute of limitations becomes two years plus ninety days. This is simply and plainly what the statute says:
Upon petition to the clerk of the court where the suit will be filed and payment to the clerk of a filing fee, not to exceed $25, established by the chief judge, an automatic 90-day extension of the statute of limitations shall be granted ....

§ 766.104(2) (emphasis added). Pursuant to the statute, it makes no difference when this purchase is made; whenever the purchase is made, the statute of limitations becomes two years plus ninety days.[6] Applying the plain language of this statute to the instant case, it is clear that when the extension was purchased, by operation of this statute, the statute of limitations no longer expired on September 2, 1997; the statute of limitations expired ninety days later on December 1, 1997.
A separate statutory provision, section 766.106(4), concerns a tolling of the statute of limitations. This provision tolls the running of the statute of limitations for up to ninety days from the date the notice of intent to initiate a medical malpractice claim is received by the putative defendant. See Boyd v. Becker, 627 So.2d 481, 483-84 (Fla.1993). This provision also provides that the tolling ceases and the statute of limitations begins to run again upon the claimant's receipt of a defendant's notification of termination of negotiations. See § 766.106(4), Fla. Stat. (1995). When that occurs the statute provides in pertinent part:

Upon receiving notice of termination of negotiations in an extended period, the claimant shall have 60 days or the remainder of the period of the statute of limitations, whichever is greater, within which to file suit.
§ 766.106(4), Fla. Stat. (1995) (emphasis added).[7] Pursuant to section 766.106(4), a claimant, upon receipt of the termination of negotiations notice or the expiration of the ninety-day tolling period set forth in the statute or any agreed-to extension thereof, must then calculate the remaining days in the statute of limitations period applicable to the claimant's case for each defendant to determine whether sixty or more days remain in the limitations period for that defendant.[8]
To do this calculation:
1. Determine the date the statute of limitations expires without regard to tolling provisions:
A. Two years from accrual of the cause of action. See § 95.11(4)(b).

*870 B. Add ninety days if an extension is purchased. See § 766.104(2).
2. Determine the date when the tolling period begins for each defendant. This is the date the putative defendant receives the notice of intent to initiate litigation, see Boyd, 627 So.2d at 483-84, which will in most instances be on the return receipt of the mailing notice.
3. Calculate the number of days in which the statute of limitations is tolled, which would be ninety days, see § 766.106(4), unless there is an earlier receipt by the claimant of the putative defendant's notice of termination or an agreed-to extension. Add this number of days to the date the statute of limitations is set to expire (including the purchased extension, if purchased).
4. Determine the number of days in which to file suit upon receipt of the notice of termination by counting the days between the end of the tolling period and the expiration date of the statute of limitations period as calculated in step 3.
5. If the number of days in step 4 is sixty or less, the claimant would have sixty days to file suit or be barred by the statute of limitations. If the number of days in step 4 is greater than sixty, the claimant would have those number of days remaining in the limitations period in which to file suit (which is the date calculated in step 3).
What must be understood under this statutory scheme is that the statute of limitations is a fixed date and is extended automatically and immediately upon the payment to the clerk of the $25. See § 766.104(2), Fla. Stat. (1995). What further must be understood is that the sixty days or remainder of the period of the statute of limitations provision in section 766.106(4) is not an extension of the statute of limitations. The sixty days in this provision is solely a grace period to be used in the event the statute of limitations expires in sixty days or less when the tolling period ends.
I now turn to the application of these separate statutes to the instant case. The straightforward computation according to the steps is:
Step 1. The cause of action accrued on September 2, 1995, and therefore the statute of limitations was set to run on September 2, 1997. Prior to expiration of the statute of limitations, Coffaro purchased a ninety-day extension pursuant to section 766.104(2). Thus, the statute of limitations period was set to run on December 1, 1997.
Step 2. The defendants received Coffaro's notice of intent to initiate litigation on: August 4, 1997(MHC); August 5, 1997 (HCHA, Dr. Pidala, Dr. Tulsiak, and EMA); and August 8, 1997(SJH).
Step 3. With exception of defendants HCHA and SJH, the ninety-day tolling period expired prior to Coffaro's receipt of a notice of termination or any agreed-to extension of the tolling period. Thus, the tolling period expired ninety days after the defendant's receipt of the notice of intent to initiate litigation on November 2, 1997(MHC), and November 3, 1997 (Dr. Pidala, Dr. Tulsiak, and EMA). Thus, the statute of limitations for defendants MHC, Dr. Pidala, Dr. Tulsiak, and EMA was tolled for ninety days, and the statute of limitations was set to expire for these defendants ninety days after December 1, 1997, on March 1, 1998.
With regard to defendant HCHA, the trial court found that there was an agreed upon two-week extension of the tolling period. See Coffaro v. Pidala, No. 98-2535, order at 1-2 (Fla. 13th Cir. Ct. order filed Nov. 19, 1998). Therefore, the tolling period *871 for defendant HCHA was 104 days, and the tolling period expired on November 17, 1997. Thus, the statute of limitations for defendant HCHA was tolled for 104 days, and the statute of limitations was set to expire for this defendant 104 days after December 1, 1997, on March 15, 1998.
With regard to defendant SJH, Coffaro received SJH's notice of termination on November 5, 1997, which was the eighty-ninth day in the tolling period. Thus, the statute of limitations for defendant SJH was tolled for eighty-nine days, and the statute of limitations was set to expire for this defendant eighty-nine days after December 1, 1997, on February 28, 1998.
Step 4. On the date of the expiration of the ninety-day tolling period, the number of days remaining until March 1, 1998 was: 119 days (MHC), and 118 days (Dr. Pidala, Dr. Tulsiak, and EMA). On the date of the expiration of the 104 day tolling period for HCHA, the number of days remaining until March 15, 1998, was 118 days. Upon Coffaro's receipt of SJH's notice of termination, the number of days remaining until February 28, 1998, was 115 days.
Step 5. As the number of days remaining in the limitations period exceeded sixty days as of the last day of tolling for each defendant, Coffaro could not benefit from the sixty-day grace period. Accordingly, the statute of limitations expired as to each defendant on the date calculated in step three.[9] Because Coffaro did not file suit until April 3, 1998, the statute of limitations bars her suit as to each defendant.
I conclude that only by this reasoning can there be a consistent application of these two separate statutes. If the extension is purchased and the claimant is in the ninety-day tolling period, there can be no logical way to give the claimant the ninety-day purchased period at the end of the tolling period plus the sixty-day grace period. Two hypothetical situations illustrate my point.
The first hypothetical envisions the situation where the ninety-day purchased extension is purchased by the claimant prior to the defendants' receipt of the notice of intention to initiate litigation. Assume that Coffaro had purchased the ninety-day extension on August 11, 1997. The statute of limitations would still be two years and ninety days and would expire, exclusive of tolling time, on December 1, 1997. Assume further that the health care providers did not receive Coffaro's notice of intent to initiate litigation until September 29, 1997, and that there was no early termination of the tolling period and no agreed-to extension of the tolling period. Thus, the ninety-day tolling period would have expired on December 28, 1997, and the statute of limitations would end ninety days after December 1, 1997, on March 1, 1998. Since there are more than sixty days between the end of the tolling period (December 28, 1997) and the expiration of the statute of limitations (March 1, 1998), there is no question that Coffaro would not be entitled to the sixty-day grace period.
The second hypothetical envisions the situation where the ninety-day extension is purchased during the tolling period but where the purchased extension is purchased more than sixty days prior to the expiration of the original two-year statute of limitations. Assume that Coffaro purchased the extension on June 11, 1997, and not on August 11, 1997. Then, once again, upon the purchase of the extension pursuant to section 766.104(2), the statute of limitations would automatically and at that time be extended ninety days and would *872 expire on December 1, 1997. Assume further that the notice of intent to initiate litigation was received by the health care providers on June 4, 1997, and there is no early termination or agreed-to extension of the tolling period. Thus, the tolling period would be ninety days, and the tolling period would end on September 2, 1997. We know that the claimant would have had until March 1, 1998, before the statute of limitations period expired, which is more than sixty days from the date the tolling period ended. Thus, we know that the sixty-day alternative grace period has no bearing on this hypothetical situation.
I conclude that the plain language of section 766.104(2) means that on the date of purchase of the ninety-day extension, the statute of limitations automatically is increased by ninety days, and the date when the claimant makes that purchase has no bearing on this as long as the statute of limitations has not expired. The majority's construction of these statutes does not follow the plain language of the statutes and leads to an inconsistent application of these statutes. My construction, which follows the plain language of these statutes, results in the consistent application of the statutes.
I would answer the certified question in the affirmative. Accordingly, I respectfully dissent.
HARDING, Senior Justice, concurs.
NOTES
[1] This ninety-day purchased extension of the statute of limitations is accomplished by the filing of a petition with the clerk's office and payment of a fee not to exceed $25.
[2] In Rhoades, the Second District stated:

We hold, therefore, that upon the expiration of the 90-day tolling of the statute of limitations provided in section 769.57(4), Florida Statutes (1987), or a stipulated extension of that time, the claimant has 60 days or the remainder of the period of the statute of limitations, whichever is greater, within which to file suit.
554 So.2d at 1191 (emphasis added). In so holding, the court examined the legislative intent of the statute, and concluded that "[a]ny uncertainty as to legislative intent should be resolved by an interpretation that best accords with the public interest." Id. Likewise, in Tanner v. Hartog, 618 So.2d 177 (Fla.1993), we approved the holding in Rhoades by stating:
We believe that the [[Rhoades] court was correct in rejecting the argument that the "sixty days or remainder" language of the statute should be construed so narrowly. Finding the "sixty days or remainder" language to be applicable even where no mutual extension of the ninety-day tolling is present, the question then becomes how this extra time should be added to the limitations period.
618 So.2d at 183. Thus, the "60 days or the remainder" language applies even when no extension of the ninety-day tolling period has been agreed to by the parties.
[3] We reiterate our prior holding that the sixty-day period provided for in section 766.106(4) is applicable even when there has been no extension of the ninety-day tolling period under section 766.106(3)(a), Florida Statutes (1995). See Hankey v. Yarian, 755 So.2d 93 (Fla.2000); Tanner v. Hartog, 618 So.2d 177 (Fla.1993).
[4] The computation for each health care provider is as follows: November 5(SJH) plus 150 days = April 4, 1998; November 7 (Pidala, Tulsiak, and EMA) plus 150 days = April 6, 1998; November 14(MHC) plus 150 days = April 13, 1998; and November 26 (HCHA) plus 150 days = April 25, 1998.
[5] Sections 766.104(2) and 766.106(4), Florida Statutes, were enacted as part of the same bill in 1985. See ch. 85-175, §§ 12, 14, Laws of Fla. The Staff Analysis for this legislation explains:

This bill proposes reform in three main areas: (1) prevention, (2) claims resolution, and (3) insurance.... Major points include... establishment of methods for case settlement and arbitration. The purpose of the bill is to reduce societal costs of medical malpractice.
Further, another section of the Staff Analysis discussing the provision which would ultimately become section 766.106 states: "The purpose of this section is to encourage prompt settlement of meritorious claims." However, there is no Staff Analysis discussion concerning the provision of the bill that ultimately became section 766.104(2). Therefore, the only real insight this legislative history research provides is that the Legislature, in passing the two provisions at the same time and in the same bill, intended that the two provisions work in tandem.
[6] A restriction is that the extension must be purchased within the original two-year limitations period.
[7] We have held that this language applies regardless of whether an extension of tolling period has been agreed to. See Hankey v. Yarian, 755 So.2d at 95 n. 2.
[8] I believe part of the confusion in the application of these two statutes is that both statutes refer to ninety days. But these are entirely different ninety-day periods: the first being an extension of the statute of limitations period, see § 766.104(2); and the second being a tolling of the statute of limitations period. See § 766.106(4).
[9] If a limitations period expired during a weekend, Florida Rule of Civil Procedure 1.090(a) would have allowed Coffaro until the next day which was not a weekend or holiday in which to timely file suit.