POLEN, Judge.
Frances and Murray Kagan appeal the lower court’s order granting a final summary judgment on the grounds that the statute of limitations in a medical malpractice action had expired. We reverse, as the Kagans were granted an extension of the statute of limitations pursuant to section 766.104(2), Florida Statutes (1991).
On May 1, 1991, Frances and Murray Ka-gan sent a notice of intent to initiate litigation for medical malpractice to various potential defendants. A notice of intent was not mailed to the appellee, Dr. Irvin Besman, at this time. On May 3,1991, the Kagans filed and were granted a ninety (90) day extension of the statute of limitations pursuant to section 766.104(2), Florida Statutes (1991). This petition for extension included the names of various potential defendants, but again did not include the name of Dr. Besman. On April 20, 1992, the Kagans did finally send a notice of intent to Dr. Besman and his professional association, Irvin Besman, M.D., P.A. On May 11, 1992, a second amended complaint in the previously commenced medical negligence action was filed; it included Dr. Besman as a defendant for the first time. In a motion for summary judgment filed on January 22, 1993, Dr. Besman alleged that the amended complaint filed on May 11,1992, was filed after the expiration of the two-year statute of limitations in a medical malpractice action.[1] The lower court agreed and granted a final summary judgment in Dr. Besman’s favor. We disagree, and thus reverse the lower court’s order.
It is undisputed that Frances Kagan was aware of her injury at the time she was discharged from the hospital in February 1990, and that a strict application of the statute of limitations would result in the, determination that it expired as to the defendant no later than February 20, 1992. However, since the Kagans were granted a ninety (90) day extension of the statute of limitations pursuant to section 766.104(2), it did not expire until May 20, 1992, which effectively vitiates Dr. Besman’s statute of limitations defense. Section 766.04(2), provides in pertinent part:
(2) Upon petition to the clerk of the court where the suit will be filed and a payment to the clerk of a filing fee, not to exceed $25, established by the chief judge, an automatic 90-day extension of the statute of limitations shall be granted to allow the reasonable investigation required by subsection (1). This period shall be in addition to other tolling periods. No court order is required for the extension to be effective. The provisions of this subsection shall not be deemed to revive a cause of action on which the statute of limitations has run.
There is no requirement in this statutory section that a defendant must be specifically named in the petition; and we will not read such a requirement, limiting the resolution of claims on the merits, into the statute. Accordingly, we find that the lower court erred in granting the motion for summary judgment, and reverse on this basis.
The Kagans also argue that the statute of limitations would not have barred their action against Besman as the statute of limitations was tolled. However, it is not necessary to address this issue in light of our determination that it was extended.
DELL, C.J., and STEVENSON, J„ concur.

. Section 95.11(4)(b), Florida Statutes (1991), provides in pertinent part:
An action for medical malpractice shall be commenced within two (2) years from the time the incident giving rise to the action occurred or within two (2) years from the time the incident is discovered, or should have been discovered with the exercise of due diligence.