KAHN, J.
Petitioner, Jose H. Cortes, M.D., seeks a writ of certiorari to review a nonfinal order denying his motion for summary judgment on respondent’s medical malpractice complaint for failure to timely file a notice of intent to initiate litigation under the pre-suit notice requirements of section 766.106(4), Florida Statutes. Petitioner asserts the notice of intent, received by petitioner on December 13, 2001, was not served prior to expiration of the two-year limitations period and, therefore, the com *635 plaint should be dismissed -with prejudice. We deny the petition.
The alleged malpractice occurred September 30, 1999. Section 95.11(4)(b), Florida Statutes, requires, in relevant part, “[a]n action for medical malpractice shall be commenced within 2 years from the time the incident giving rise to the action occurred.... ” Accordingly, respondent’s statute of limitations was set to expire on September 30, 2001. Realizing that she would be unable to complete the required pre-suit investigation within the two-year limitations period, on September 12, 2001, respondent filed a petition for an extension of the statute of limitations, pursuant to section 766.104(2), Florida Statutes. That section provides:
Upon petition to the clerk of the court where the suit will be filed and payment to the clerk of a filing fee, not to exceed $25, ... an automatic 90-day extension of the statute of limitations shall be granted to allow the reasonable investigation required by subsection (1). This period shall be in addition to other tolling periods. No court order is required for the extension to be effective. The provisions of this subsection shall not be deemed to revive a cause of action on which the statute of limitations has run.
§ 766.104(2), Fla. Stat. (1999). Under the statute, once the extension is purchased, the statute of limitations becomes two years plus ninety days. See Hankey v. Yarian, 755 So.2d 93 (Fla.2000); Burbank v. Kero, 813 So.2d 292 (Fla. 5th DCA 2002); Rothschild v. NME Hospitals, Inc., 707 So.2d 952 (Fla. 4th DCA 1998). With the extension purchased pursuant to section 766.104(2), the statute of limitations would have run December 29, 2001. Petitioner received the notice of intent to initiate litigation on December 13, 2001, well within the limitations period.
A timely filed notice of intent to initiate litigation tolls the running of the statute of limitations period for ninety days. See §§ 766.106(3), (4), Fla. Stat. (1999). Upon the expiration of the ninety-day tolling period, or “[u]pon receiving notice of termination of negotiations in an extended period, the claimant shall have 60 days or the remainder of the period of the' statute of limitations, whichever is greater, within which to file suit.” § 766.106(4), Fla. Stat. (1999); see Rhoades v. Southwest Fla. Reg’l Med. Ctr., 554 So.2d 1188 (Fla. 2d DCA 1989). Petitioner failed to respond to the notice of intent and, accordingly, respondent had until May 12, 2002 (150 days beyond December 29, 2001), to file suit. Respondent filed suit on April 25, 2002.
Petitioner argues that, under the Florida Supreme Court’s decision in Hills-borough County Hospital Authority v. Coffaro, 829 So.2d 862 (Fla.2002), the purchased extension does not extend the original two-year limitations period for purposes of filing a notice of intent to initiate litigation. This argument is contrary to the plain language of section 766.104(2) and the supreme court’s holding in Coffa-ro.
Under the plain language of the statute, the ninety-day extension applies to the end of the two-year limitation period. See § 766.104(2), Fla. Stat. (1999) (“This period shall be in addition to other tolling periods.”). The statute’s only restriction is that the extension be purchased within the original limitations period. See id. Accordingly, pursuant to the plain language of section 766.104(2), Florida Statutes, a timely purchased extension adds ninety days to the end of the two-year limitations period, including any other tolling periods.
The holding in Coffaro does not alter this result. Coffaro deals with the interplay between section 766.104(2) and section 766.106(4), Florida Statutes, in determining when a medical malpractice *636 complaint must be filed after a notice of intent is served. See Cojfaro, 829 So.2d at 864, 866. Unlike the claimant in Cof-faro, respondent in this case filed for the purchased extension before serving the notice of intent. Accordingly, the 90-day tolling and the 60-day filing periods under section 766.106(4), discussed in Cojfa-ro, had not been triggered when respondent filed for the purchased extension. Here, the ninety-day purchased extension should be added to the two-year limitations period. See Burbank, 813 So.2d at 294. Supportive of respondent’s position, Cojfaro holds that “the ninety-day extension purchased pursuant to 766.104(2) is to be tacked on to the end of the statute of limitations period.” Cojfaro, 829 So.2d at 865.
Therefore, we find that respondent’s notice of intent to initiate litigation was timely and the trial court’s denial of petitioner’s motion for summary judgment is consistent with the holding in Cojfaro. Because petitioner has failed to show the trial court’s order departs from the essential requirements of law, the petition for certiorari is DENIED. See Steele v. Davis, 667 So.2d 264 (Fla. 1st DCA 1995).
WEBSTER and DAVIS, JJ., concur.