987 So.2d 1275 (2008)
Aureliu M. PORUMBESCU and Mary J. Porumbescu, his wife, Appellants,
v.
John Derek THOMPSON, M.D. and Urology Associates of North Central Florida, P.A., Appellees.
No. 1D07-4231.
District Court of Appeal of Florida, First District.
August 20, 2008.
*1276 Aureliu M. Porumbescu, Ph.D., pro se, for Appellants.
Vanessa M. Herbert and Ralph J. Humphries, of Humphries & Herbert, P.A., Jacksonville, for Appellees.
PER CURIAM.
The appellants, Aureliu M. and Mary J. Porumbescu, argue that the trial court erred by granting final summary judgment in favor of the appellees, Dr. John D. Thompson and Urology Associates of North Central Florida, on the basis that the statute of limitations had expired in this medical malpractice suit. We agree with the Porumbescus that the trial court failed to account for the ninety-day tolling period under section 766.106(4), Florida Statutes (1999). Therefore, we hold that the Porumbescus' suit is not barred by the statute of limitations and remand for further proceedings. Because we reverse on this issue, we need not address the other issues argued.

I. Background
Appellee John Derek Thompson, M.D., operated on Aureliu Porumbescu on December 10 and 11, 1996, to remove a nephrostomy catheter and a stent placed in his kidney by another doctor as part of an emergency treatment for a blocked kidney. The Porumbescus allege that during the removal of these devices, Dr. Thompson inadvertently pulled two sutures into Mr. Porumbescu's kidney, where they remained for over a year, causing persistent kidney trouble. Mr. Porumbescu became aware that he had a foreign body in his kidney in early December, 1997. Dr. Thompson performed the surgery to remove the first suture on December 16, 1997. After symptoms persisted, the second suture was found months later, and Dr. Thompson removed it on June 16, 1998. Mr. Porumbescu set out to determine the source of the foreign objects in contemplation of filing a claim. After learning that the objects were sutures left in the kidney during the removal of the catheter and stent, and not part of the devices themselves, the Porumbescus filed suit on March 24, 2000, against Dr. Thompson and Urology Associates of North Central Florida.
The statute of limitations in a medical malpractice action runs for two years from the time the injury is discovered, or should have been discovered with the exercise of due diligence. § 95.11(4)(b), Fla. Stat. (1997). Two statutory extensions to this two-year period are discussed below.

II. Section 766.104(2)
On December 7, 1998, the Porumbescus filed a petition for an automatic extension of the statute of limitations pursuant to section 766.104(2), which provides:
Upon petition to the clerk of the court where the suit will be filed and payment to the clerk of a filing fee, not to exceed $25, established by the chief judge, an automatic 90-day extension of the statute of limitations shall be granted to allow the reasonable investigation required by subsection (1). This period shall be in addition to other tolling periods.
§ 766.104(2), Fla. Stat. (1997). The extension is to be tacked on to the end of the limitations period and does not run simultaneously with the separate ninety-day tolling period provided in section 766.106(4). See Hankey v. Yarian, 755 So.2d 93, 98 (Fla.2000); Kalbach v. Day, 589 So.2d 448, 450 (Fla. 4th DCA 1991). Once the extension is "purchased" by filing the petition and paying the fee, the statute *1277 of limitations becomes two years plus ninety days. See Hillsborough County Hosp. Auth. v. Coffaro, 829 So.2d 862, 865 (Fla. 2002); Cortes v. Williams, 850 So.2d 634, 635 (Fla. 1st DCA 2003).
The trial court credited the Porumbescus with this ninety-day extension.[1] The court held that December 16, 1997, the date of the removal of the first foreign object, was the latest possible start date for the statute of limitations. Accordingly, the trial court determined that March 15, 2000 was the deadline for filing the complaint (computed by adding two years and ninety days from December 16, 1997). In a letter to the parties, the court stated "since Plaintiff filed a motion to extend the statute of limitations, the latest date that suit could be filed in this cause was March 15, 2000. Since this cause was filed after that date the statute of limitations bars this action."

III. Section 766.106(4)
The second extension, which was not accounted for by the trial court, comes from section 766.106(4), which creates a tolling period following a notice of intent to initiate medical malpractice litigation. Section 766.106 requires such a notice before filing a claim, and creates a 90-day tolling period during which the defendants must investigate and respond with either a denial, an offer for settlement, or an admission of liability with an offer to arbitrate damages. See § 766.106(3) Fla. Stat. (1999). Section 766.106(4) provides:
[D]uring the 90-day period, the statute of limitations is tolled as to all potential defendants. Upon stipulation by the parties, the 90-day period may be extended and the statute of limitations is tolled during any such extension. Upon receiving notice of termination of negotiations in an extended period, the claimant shall have 60 days or the remainder of the period of the statute of limitations, whichever is greater, within which to file suit.
§ 766.106(4), Fla. Stat. (1999). The trial court's order granting summary judgment and its correspondence with the parties make no mention of section 766.106.
According to the trial court's March 15, 2000 deadline, the complaint was filed nine days late (on March 24, 2000). By adding this additional 90-day period to the deadline from section 766.106(4), their complaint falls within the statute of limitations.

IV. Conclusion
We hold that the trial court erred by not providing the Porumbescus with the 90-day tolling period following their notice of intent under section 766.106(4) in addition to the automatic 90-day extension petitioned for under section 766.104(2). Accounting for the extension and the tolling period, the Porumbescus' complaint was timely. Therefore, we hold that the Porumbescus' *1278 suit is not barred by the statute of limitations.
REVERSED and REMANDED.
BROWNING, C.J., PADOVANO, and POLSTON, JJ., concur.
NOTES
[1] Dr. Thompson argues on appeal that the Porumbescus should not be credited with the automatic ninety-day extension under section 766.104(2) in part because their petition did not name Dr. Thompson or Urology Associates of North Central Florida as a potential defendant. We agree with the Fourth District's analysis in Kagan v. Pollock, 638 So.2d 151, 152 (Fla. 4th DCA 1994), where after carefully considering the language in section 766.104(2), the court held that "[t]here is no requirement in this statutory section that a defendant must be specifically named in the petition; and we will not read such a requirement, limiting the resolution of claims on the merits, into the statute." Id. The fact that neither Dr. Thompson nor Urology Associates of North Central Florida were named in the petition is of no consequence.