BENTON, C.J.
On appeal from final summary judgment entered in favor of Thomas Abbey, D.O., Gertrude Patrick contends she filed her medical malpractice complaint within the time allowed. We agree with the trial court, which ruled that the statute of limitations had run, and affirm for that reason.
“Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law. Thus, our standard of review is de novo.” Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000) (citation omitted). The parties do not dispute any facts pertinent *43 under the statute of limitations, and agree that the statute began to run on June 10, 2004. See § 95.11(4)(b), Fla. Stat. (2006) (providing that an “action for medical malpractice shall be commenced within 2 years from the time the incident giving rise to the action occurred or within 2 years from the time the incident is discovered, or should have been discovered with the exercise of due diligence”).
Before filing a medical malpractice claim, the plaintiff must conduct a reasonable investigation to determine whether there are grounds for suit. See § 766.104(1), Fla. Stat. (2006). If grounds exist, the plaintiff must then serve on potential defendants a notice of intent to initiate litigation. See §§ 766.106(2), (4), Fla. Stat. (2006). Serving the notice of intent to initiate litigation tolls, or suspends, the running of the statute of limitations for 90 days, or longer if the parties agree to extend the time. See §§ 766.106(3) & (4), Fla. Stat. (2006). During this 90-day period (which was not extended in the present case), prospective defendants are to conduct their own investigation, and may seek to negotiate a resolution of the claim. See § 766.106(3), Fla. Stat. (2006). “Upon receiving notice of termination of negotiations ... the claimant shall have 60 days or the remainder of the period of the statute of limitations, whichever is greater, within which to file suit.” § 766.106(4), Fla. Stat. (2006).
At issue in the present case is the relationship between this basic statutory framework and another statutory provision that allows the plaintiff to purchase a 90-day extension, described as an “addition[] to the initial two years allotted by the statute.” Hankey v. Yarian, 755 So.2d 93, 100 (Fla.2000). The other statutory provision reads:
Upon petition to the clerk of the court ... and payment to the clerk of a filing fee ... an automatic 90-day extension of the statute of limitations shall be granted to allow the reasonable investigation required by subsection (1). This period shall be in addition to other tolling periods.
§ 766.104(2), Fla. Stat. (2006). Pursuant to this provision, Ms. Patrick purchased such an automatic 90-day extension on March 21, 2006. If she had not obtained the extension, the two-year limitations period would have expired on June 10, 2006, well before Dr. Abbey received Ms. Patrick’s notice of intent to initiate litigation on August 2, 2006.
Ninety days later, on November 1, 2006 (which was both the end of the statutory tolling period, see Rhoades v. Southwest Florida Regional Medical Center, 554 So.2d 1188, 1190-91 (Fla. 2d DCA 1989), and the date on which Ms. Patrick received Dr. Abbey’s notice of termination of negotiations, see Boyd v. Becker, 627 So.2d 481, 483-84 (Fla.1993)), the statute of limitations period began to run again. Immediately before — and therefore immediately after — the tolling period, thirty-seven days of the 90-day extension Ms. Patrick had purchased remained. (The whole of the original two-year period had expired.) Because the “remainder of the period of the statute of limitations” was less than 60 days, she had 60 days from November 1, 2006, in which to file her complaint. § 766.106(4), Fla. Stat. (2006) (“the claimant shall have 60 days or the remainder of the period of the statute of limitations, whichever is greater, within which to file suit”). See Hankey, 755 So.2d at 99 (“ ‘From the date the notice of intent is filed, the plaintiff has ninety days (the amount of the tolling) plus either sixty days or the time that was remaining in the limitations period, whichever is greater, to file suit.’ ” (quoting Tanner v. Hartog, 618 So.2d 177, 183-84 (Fla.1993)).
*44 But Ms. Patrick filed her complaint on January 17, 2007, seventy-eight days later. The trial court ruled her complaint was filed out of time, explaining that, once the tolling period ended, Ms. “Patrick had 37 days remaining on the statute of limitations and [section] 766.106(4) was activated.... Since 37 days remained on the limitations for filing a complaint, and because the days remaining were fewer than 60, Patrick had 60 days in which to file a complaint.”
The trial court noted that the complaint was untimely (18 days late) even though the “operation of section 766.106(4) had effectively granted her an additional 23 days in which to file her complaint.”
Relying principally on Hillsborough County Hospital Authority v. Coffaro, 829 So.2d 862 (Fla.2002), Ms. Patrick argues that she was entitled to the 60 days provided in section 766.106(4), plus the 37 days remaining on her purchased extension. But Coffaro does not support her position. There, Ms. Coffaro purchased a 90-day extension after the section 766.106(4) tolling period had already begun, and after events had dictated that the 60-day “grace period” applied. In determining how soon she had to file suit once the statute of limitations clock resumed, the court agreed with Ms. Coffaro that “the purchased extension is not to be applied at the time of purchase, but is to be tacked on to the end of the statute of limitations period.” Id. at 865. The court ruled:
[A]t the time that the negotiations were terminated the plaintiff had one month left on the original two-year statute of limitations period. Because only one month remained and because the ninety-day purchased period from section 766.104(2) is not added to the month, she was entitled to the benefit of the sixty-day period of section 766.106(4). Thereafter, the ninety-day purchased period is added to determine when the plaintiffs medical malpractice complaint must be filed.
Id. at 866 (emphasis supplied & footnote omitted). Before Ms. Coffaro made the purchase, she knew that she was entitled to 60 days (after the tolling period ended) because, in her case, it was already clear that the “remainder of the period of the statute of limitations” was only one month, so that 60 days constituted the “greater” period. § 766.106(4), Fla. Stat. (2006). Given that section 766.104(2) authorized a 90-day extension, our supreme court concluded, the payment Ms. Coffaro made for her extension entitled her to a total of 150 days (after the tolling period ended), not to another, shorter extension that would have added only some 60 days for an approximate total of 120 days (after the tolling period ended).
In the present case, Ms. Patrick received not only the full 90-day extension she purchased but, under section 766.106(4), an additional 23 days as well. Ms. Patrick’s extension was “tacked on to the end of the statute of limitations period.” Coffaro, 829 So.2d at 865. Ms. Patrick needed and used most of “the purchased extension ... [to] extend the original two-year limitations period for purposes of filing a notice of intent to initiate litigation.” Cortes v, Williams, 850 So.2d 634, 635 (Fla. 1st DCA 2003).[1] *45 When Ms. Patrick purchased her extension, on March 21, 2006, she had yet to file her notice of intent to litigate, and the statute of limitations was slated to expire on June 10, 2006. In that she did not file her notice of intent to litigate until August 2, 2006, she necessarily relied on the purchased 90-day extension to extend the original two-year limitations period before the tolling period began. Unlike Ms. Coffaro, Ms. Patrick knew, when she purchased the extension, that the statute of limitations had not yet been tolled, and it was not yet clear that Ms. Patrick would be entitled to the 60-day period.
At oral argument, Ms. Patrick cited Hankey v. Yarian, 755 So.2d 93 (Fla.2000), a supreme court decision antedating Coffa-ro. There, the plaintiffs purchased the 90-day extension after the tolling period had concluded, once the limitations period began running again and with more than 60 days remaining in the limitations period. Unremarkably, our supreme court ruled that the purchased 90-day extension simply operated to add 90 days to the limitations period.[2] See Hankey, 755 So.2d at 100. Hankey does not support the appellant’s position, either.
Affirmed.
WEBSTER and VAN NORTWICK, JJ., concur.

. Ms. Patrick also relies on this court's opinion in Cortes v. Williams, 850 So.2d 634 (Fla. 1st DCA 2003). There the plaintiff, like Ms. Patrick, purchased the 90-day extension before serving her notice of intent to litigate on December 13, 2001. On appeal, we rejected the defendant’s argument that a purchased extension cannot extend the original two-year limitations period for purposes of filing a notice of intent to initiate litigation as "contrary to the plain language of section 766.104(2) and the supreme court’s holding in [Hillsbor- *45 ough County Hospital Authority v.] Coffaro [, 829 So.2d 862 (Fla.2002)].” Id. at 635. There is, to be sure, some confusing language regarding how many days remained once the tolling period ended. We noted that a claimant had the greater of 60 days or the remainder of the statute of limitations in which to file suit, then stated that, since the defendant did not respond to the notice of intent to litigate, the statute of limitations had been tolled for the full 90 days, and "accordingly, [the plaintiff] had until May 12, 2002 (150 days beyond December 29, 2001), to file suit." Id. In fact, May 12, 2002 is not 150 days beyond December 29, 2001, and the exact method by which the court arrived at the deadline for filing suit is something of a mystery. Regardless, and more fundamentally, this language is obiter dicta. The question of how much time remained to file suit at the end of the tolling period was not before the court.
Ms. Patrick argues, nevertheless, that, taken together, Coffaro and Cortes establish that she is entitled to add the remaining 37 days to the 60-day grace period following termination of negotiations. But Cortes only establishes that the purchased extension can extend the original two-year statute of limitations period for the purposes of filing a notice of intent to initiate litigation. The statute contemplates "either or,” not "both and." See § 766.106(4), Fla. Stat. (2006) ("60 days or the remainder of the period of the statute of limitations, whichever is greater”).

. The court held that, once a claimant files a notice of intent to litigate, "the two-year statute of limitations under section 95.11(4)(b) is suspended (‘tolled’) for ninety days under section 766.106(4),” and that the purchased extension "does not run simultaneously with the separate ninety-day tolling period provided in section 766.106(4).” Hankey v. Yarian, 755 So.2d 93, 97-98 (Fla.2000). The court also opined that "any additional times added under section 766.106(4) if the notice of intent is filed by the claimant with less than sixty days remaining in the original statute of limitations, or under the automatic ninety-day extension pursuant to section 766.104(2), are actually statutorily granted additions to the initial two years allotted by the statute.” Id. at 100 (emphasis supplied).